## UNITED STATES DISTRICT COURT OF THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ERIC M. SCHMALTZ, individually, and on behalf of others similarly situated, as Plaintiff/Class representative, <br><br> Plaintiffs, <br><br> vs. <br><br> O'REILLY AUTOMOTIVE STORES, INC., <br><br> Serve: Registered Agent <br>        C T Corporation <br>        120 South Central Avenue <br>        Clayton, MO 63105 <br><br> Defendant. | Cause No. <br><br> JURY TRIAL DEMANDED |

### COLLECTIVE ACTION COMPLAINT

**COMES NOW**, Plaintiff Eric M. Schmaltz, individually, and on behalf of others similarly situated as Plaintiff/Class representative, (hereinafter "Plaintiff") against Defendant O'Reilly Automotive Stores, Inc., ("Defendant") for overtime compensation, liquidated damages, attorney's fees and costs, and states and avers as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(3) as the controversy arises under the laws of the United States. This claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 *et seq.* ("FLSA") and Mo.Rev.Stat. § 290.500 *et seq.* ("MMWL").

2. Plaintiff alleges Defendant violated the FLSA and MMWL for the three years prior to the filing of this lawsuit by refusing to pay Plaintiff and similarly situated employees' overtime as required by the FLSA and MMWL.

3. Venue is proper in the Eastern District of Missouri pursuant to 29 U.S.C §216(b) and 28 U.S.C. §1391.

4. Plaintiff is an individual that resides within St. Genevieve County, State of Missouri.

5. Defendant is a Missouri corporation in good standing and, upon information and belief, has its principal place of business located in Springfield, Missouri.

6. Defendant operates a number of automotive parts stores in thirty-nine (39) states, including the State of Missouri.

7. At all times relevant herein, Plaintiff worked for Defendant at a store located in Jefferson County, State of Missouri.

8. Plaintiff, and similarly situated employees, were paid by Defendant on an hourly basis and had the opportunity to earn additional non-discretionary bonuses/commissions.

9. The bonus/commission that was paid by the Defendant is based upon the employee's performance.

10. The bonus/commission that was paid to Plaintiff, and similarly situated employees, was required to be included in the "regular rate" of pay for overtime calculation purposes.

11. During Plaintiff's employment with Defendant, Plaintiff typically worked in excess of forty (40) hours a week for which he would clock in and clock out.

12. Plaintiff was classified as non-exempt by Defendant for overtime purposes.

13.    On at least one occasion, Plaintiff worked in excess of forty (40) hours in a workweek and was paid overtime for the hours in excess of forty (40) hours by Defendant.

14.    On at least one occasion, Plaintiff worked in excess of 40 hours and his time records were changed by Defendant to show he worked less time than actually worked.

15.    During workweeks in which Plaintiff worked in excess of forty (40) hours, and which the Defendant altered the Plaintiff's time records, the Defendant failed to properly pay Plaintiff overtime compensation for all time worked in excess of 40 hours.

16.    Upon information and belief, it was the common practice and policy of the Defendant to change the time records of non-exempt employees so that if the employees worked in excess of 40 hours in a workweek, the employees were not paid by Defendant for all of the hours worked.

17.    It was the common policy and practice of the Defendant to not properly pay Plaintiff, and similarly situated employees, overtime compensation.

18.    Under information and belief, Plaintiff alleges that the payroll practices used by Defendant to calculate Plaintiff's regular rate of pay for purposes of overtime is the common and typical method by which Defendant calculates overtime for all hourly employees.

19.    Plaintiff, under information and belief, further alleges that the practices as set forth above have been uniform, regular and consistent in the payroll practices of Defendant.

20.    The employment and payroll records for the Plaintiff, and similarly situated employees, are in the exclusive possession, custody and control of Defendant, who is under a duty to maintain the records. The amount of unpaid overtime compensation owed to Plaintiff is unable to be calculated precisely at this time in the exact amount; however such amounts may be ascertained with respect to each Plaintiff from such records.

21. Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final relief with regard to the class as a whole.

22. Plaintiff understands the nature of the claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class and the undersigned is proper to serve as class counsel.

23. Plaintiff and the proposed class members demand a trial by jury.

## COUNT I – VIOLATION OF THE FLSA

24. Plaintiff restates paragraphs 1 through 23 as though expressly referenced and included by said reference as though set out in full.

25. Plaintiff brings this action on his own behalf and as a collective action pursuant to the FLSA, 29 U.S.C §216(b) on behalf of all others similarly situated, described as all individuals employed by Defendant, who, within the applicable statutes of limitations, suffered or were permitted to work, whether or not they were required to do so, any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all hours worked in excess of forty hours in a workweek. ("Class Members")

26. At all times Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, including the right and entitlement to overtime compensation at the rate of one and one-half (1.5) times his "regular rate" of pay for all overtime hours worked.

27. Plaintiff, and similarly situated employees, are entitled to their unpaid overtime compensation, liquidated damages, penalties, interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §207 and 216(b).

28. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the claims of the Class Members.

29. The Class Members are similarly situated with the Plaintiff because they were employed as non-exempt employees by Defendant; and were subject to the same or similar unlawful practices as the individually-named Plaintiff, as described above.

30. Although the exact number of members of the class is unknown, the proposed class consists of hundreds of employees that have been treated in a similar manner. Common questions of law and/or fact arise from Defendant's conduct of not properly paying overtime compensation. Such questions are common to all Class Members and predominate over any questions affecting individual Class Members. The common questions of fact and law to all Class Members are simple:

   a) Whether Class Members worked time in excess of forty hours for which they were not paid overtime at the rate of 1.5 times their regular rate of pay?

   b) Whether Class members were entitled to be paid at the rate of 1.5 times their regular hourly rate for overtime compensation?

31. The number and identity of all Class Members yet to opt-in may be determined from the records of Defendant, and potential Class Members may be notified of the pendency of this action utilizing the records of Defendant.

32. Pursuant to 29 U.S.C. §207 and §216(b), Defendant is liable to the Plaintiff, and all similarly situated employees, for the full amount of all unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus reasonable attorneys fees, together with the costs and disbursements of this action.

33. Plaintiff and each Class Member are entitled to the unpaid compensation and liquidated damages owed to him/her, and other relief available under the FLSA beginning three years immediately preceding commencement of this action as provided by 29 U.S.C. §§216(b) and 255.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

A. Designation of this action as a collective action on behalf of the Plaintiff pursuant to 29 U.S.C. §216(b);

B. Providing notice to Class Members, informing them of the pendency of this action, and permitting them to join the action by submission of individual consent forms pursuant to 29 U.S.C. §216(b);

C. A declaratory judgment declaring that Defendant has willfully, recklessly and wrongfully violated its statutory and legal obligations and deprived Plaintiffs of his/her rights, protections and entitlements under federal law, as alleged herein;

E. An order for a complete and accurate accounting of all the compensation to which each Plaintiff is entitled;

F. Judgment against the Defendant awarding Plaintiff and each Class Member monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus interest as allowed by law;

G. Reasonable attorneys' fees;

H. Costs and disbursements of this action; and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW

34. Plaintiff restates paragraphs 1 through 33 as though expressly referenced and included by said reference as though set out in full.

35. The named Plaintiff brings this action as a class action, on his own behalf and on behalf of all others similarly situated, pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure.

36. Mo.Rev.Stat. § 290.505 states "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. Plaintiff represents a class consisting of all hourly employees who were employed by Defendant in the State of Missouri and who suffered or were permitted to work, whether or not they were required to do so, any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all hours worked in excess of forty hours in a workweek. ("Missouri Class Members")

38. The proposed class readily meets the requirements of certification under Rule 52.08.

39. Plaintiff and the Missouri Class Members are entitled to damages pursuant to Mo.Rev.Stat. §290.527.

**WHEREFORE**, Plaintiff and all employees similarly situated who do not opt out of this action demand:

   A.  Judgment against Defendant for an amount equal to Plaintiff and Class members' unpaid compensation;

B.    Liquidated damages pursuant to Mo.Rev.Stat § 290.527;

C.    All costs and attorneys' fees incurred in the prosecution of these claims;

D.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E.    For such other and further relief as this Court deems just and equitable.

ENGELMEYER & PEZZANI, LLC

By:   /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
Timothy A. Engelmeyer, #39941MO
*tim@epfirm.com*
13321 N. Outer Forty Road, Ste. 300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax:   314-863-7793

Attorney for Plaintiffs