UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC M. SCHMALTZ, )
individually, and on behalf of others )
similarly situated, as Plaintiff/Class )
representative, )
 )
      Plaintiffs, )
 )
v. ) Case No. 4:12-CV-1056-JAR
 )
O'REILLY AUTOMOTIVE STORES, INC., )
 )
      Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Conditional Class Certification. [ECF No. 7] The motion is fully briefed and ready for disposition. Plaintiff has also filed a Motion to Supplement Motion for Conditional Class Certification [ECF No. 31] and a Motion to Expedite Ruling on Plaintiff's Motion for Conditional Class Certification. [ECF No. 32]

**Background**

This is an action for unpaid wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500-530. Defendant is a national family-owned auto parts business which operates stores in 39 states, including Missouri. (First Amended Collective Action Complaint ("FAC"), Doc. No. 5, ¶ 6) Plaintiff worked for Defendant at a store located in Jefferson County, Missouri. (FAC, ¶ 7)[1] Count I is brought as an "opt-in" collective action under the FLSA, §§ 207 and 216(b), on behalf of himself and "all others similarly situated, described as all individuals employed by Defendant, who, within the applicable statutes of limitations, suffered or were

---

[1] Defendant refers to this location as store 1995. (Brief in Opposition, Doc. No. 22, p. 5)

permitted to work, whether or not they were required to do so, any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all hours worked in excess of forty hours in a workweek." (FAC, ¶ 27) Count II is brought as an "opt-in" collective action under the FLSA, §§ 206 and 216(b), on behalf of Plaintiff and "all others similarly situated, described as all individuals employed by Defendant, who, within the applicable statutes of limitations, suffered or were permitted to work, whether or not they were required to do so, and who were not compensated at the statutory required minimum wage rate." (FAC, ¶ 37) Count III is brought under the MMWL pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure on behalf of "a class consisting of all hourly employees who were employed by Defendant in the State of Missouri and who suffered or were permitted to work, whether or not they were required to do so, any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all hours worked in excess of forty hours in a workweek." (FAC, ¶ 50)[2]

Plaintiff alleges Defendant had a policy and practice of altering the time records of its hourly employees to reduce the time for which those employees were paid. As a result, employees were not paid in full for all hours worked, and many times were not properly paid overtime and/or minimum wage. (FAC, ¶¶ 18, 19, 20) Plaintiff states that while employed by Defendant, he was classified as non-exempt for overtime purposes and paid on an hourly basis. (Affidavit of Eric M. Schmaltz ("Schmaltz Aff."), Doc. 8-2, ¶¶ 3, 5) He states there were times when he would work more than forty (40) hours in a workweek and was not properly paid overtime. (Id., ¶¶ 4, 7) He further states it was Defendant's practice to alter his recorded time to show he worked less time than he actually did. (Id., ¶ 6)

---

[2] Plaintiff's motion does not address his claims under the MMWL.

In his motion, Plaintiff requests the Court certify a class for FLSA violations and authorize notice to the following class:

> Any current or former individual who was employed by Defendant as an hourly team member[3] in the United States, including but not limited to assistant store managers, installer service specialists, retail service specialists, parts specialists, and delivery specialists, during the time period from August 28, 2009 to the present date, and whose time records were modified, changed, or altered by the Defendant.

Plaintiff further requests the Court direct distribution of the Proposed Notice and Consent Form filed with his memorandum, (Doc. No. 8-1), and either equitably toll the statute of limitations for potential plaintiffs to file their consent forms or accelerate briefing.

Defendant opposes certification on the grounds that Plaintiff cannot demonstrate that he and the putative class members were victims of a national company-wide policy that violates the FLSA (Doc. 22, pp. 17-21), or that maintaining this case as a collective action will promote judicial efficiency or be manageable in any respect. (Id., pp,. 21-27)

Plaintiff moves to supplement his motion with affidavits from Jacob Berry, formerly employed at Defendant's Desloge store, and Justin Bryan, formerly employed at Defendant's Affton store, to further demonstrate that Defendant's alleged practice of altering time records was occurring at various store locations. (Doc. No. 31) Defendant opposes the motion, arguing that Plaintiff failed to timely submit these affidavits within the briefing period and requests leave to depose Berry and Bryan. Upon consideration, the Court will allow Plaintiff to supplement his motion for conditional certification by filing the affidavits attached to his motion. (Affidavit of Jacob Berry ("Berry Aff."), Doc. No. 31-1; Affidavit of Justin A. Bryan ("Bryan Aff."), Doc. No. 31-2). The Court will deny Defendant's request to depose Berry and Bryan since the Court

---

[3]"Team member" is a term crafted by Defendant to describe its hourly employees. (Schmaltz Affidavit, ¶ 9)

does not reach the merits of the parties' claims and defenses, or make any credibility determinations at this initial stage of the certification process. Defendant does not oppose Plaintiff's motion to expedite ruling on his motion for conditional class certification.

**Legal Standard**

Section 7 of the FLSA requires that employers pay non-exempt employees overtime compensation of one and one-half times the regular hourly wage for all hours worked in excess of forty hours. 29 U.S.C. § 207. Section 6 of the FLSA requires that employers pay employees a weekly statutory minimum wage. 20 U.S.C. § 206. A collective action under the FLSA to recover overtime compensation, minimum wages and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an "opt-in" basis, requiring employees to provide their consent in writing to join the action. Id.; Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 WL 1433455, at *8 (E.D. Ark. Apr. 9, 2010).

The FLSA does not define the term "similarly situated." Kautsch v. Premier Communications, 504 F.Supp.2d 685, 689 (W.D. Mo. 2007). Moreover, the Eighth Circuit has not yet decided the standard for determining whether employees are "similarly situated." District courts in this circuit, however, consistently apply a two-step analysis to the question of conditional certification. See, e.g., Kennedy v. Boulevard Bank, 2012 WL 3637766, at *2 (E.D. Mo. August 22, 2012); Ondes v. Monsanto Co., 2011 WL 6152858, at *2 (E.D. Mo. Dec. 12, 2011); Perrin v. Papa John's Intern., Inc. , 2011 WL 4089251, at *2 (E.D. Mo. Sept. 14, 2011); Beasely v. GC Servs. LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); and Littlefield v. Dealer Warranty Servs., LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo.2010). Under this two-step process, the plaintiff first moves for class certification at an early stage in the litigation. Kautsch, 504

F.Supp.2d at 688. A plaintiff's burden when seeking conditional certification is not onerous and the merits of a plaintiff's claims are not considered. Id. Plaintiffs can meet this burden by making a modest factual showing, based upon the pleadings and affidavits, that the proposed class were victims of a single decision, policy, or plan. Ondes, 2011 WL 6152858, at *3 (citations omitted). The plaintiff "need not show that members of the conditionally certified class are actually similarly situated." Dernovish v. AT&T Operations, Inc., 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) (internal quotations and citation omitted). The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage. Perrin, 2011 WL 4089251, *3 (citing Luiken v. Domino's Pizza, LLC, 2010 WL 2545875, at *2 (D. Minn. June 21, 2010)). "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." Id. (internal quotations and citation omitted).

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 WL 1433455, at *3; Beasley, 270 F.R.D. at 444;  Dernovish, 2010 WL 143692, at *1. This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. "If the claims are not similarly situated, the Court decertifies the class and the opt-in plaintiffs are dismissed without prejudice." Garner v. Regis Corp., No. 03-5037, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004) (citation omitted). It is under this general framework that the Court analyzes Plaintiffs' motion for conditional class certification.

**Discussion**

As factual support for his motion, Plaintiff offers sworn declarations from four hourly employees whose time records were altered by Defendant's management to show they worked less time than they actually worked. (Affidavit of Robert Lucas, Sr. ("Lucas Aff."), Doc. 8-5;

Affidavit of Keith Collins, ("Collins Aff."), Doc. 8-6; Affidavit of Brian Matthews ("Matthews Aff."), Doc. 8-7; Affidavit of Justin A. Bryan ("Bryan Aff."), Doc. No. 31-2). Each affiant states that during their employment with Defendant, they were paid on an hourly basis and classified as non-exempt. They further state that they were not properly paid for all of the time they worked in a workweek and that they believe it was the common practice and policy of Defendant to change the time records of non-exempt employees so they were not paid for all hours worked. (Lucas Aff., ¶¶ 3-7; Collins Aff., ¶¶ 3-7; Matthews Aff., ¶¶ 3, 5-8; Bryan Aff., ¶¶ 3-7) All affiants including Plaintiff state that after this lawsuit was filed, Defendant sent them a letter advising them that it had "inadvertently" failed to pay them for certain hours and enclosing a check less applicable payroll taxes and other withholdings as compensation. (Lucas Aff., ¶ 8; Collins Aff., ¶ 8; Matthews Aff., ¶ 9; see also Doc. Nos. 8-3, 8-4)

Plaintiff also submits declarations from three assistant managers trained on the use and operation of Defendant's time-clock system. (Affidavit of Daniel Ezersky ("Ezersky Aff."), Doc. 16-2, ¶ 4; Affidavit of Michael Wagner ("Wagner Aff."), Doc. 16-2, ¶ 5;[4] Affidavit of Clayton J. Ott ("Ott Aff."), Doc. No. 25-8[5]) All three affiants state that during their training, they were instructed by their manager, Jeffrey Litzsinger, to alter the time records of hourly employees. (Wagner Aff., ¶ 6, 10-11; Ezersky Aff., ¶ 4; Ott Aff., ¶ 4)

Wagner states the procedure for altering the time records was to review and make changes to the hourly employees' records on Saturday so the altered records could be submitted on Sunday. (Wagner Aff., ¶ 8) He attests to his personal knowledge of this practice since there

---

[4]The Court permitted Plaintiff to file the affidavits of Daniel Ezersky and Michael Wagner as a supplemental attachment to his Motion for Conditional Certification. (Doc. No. 18)

[5]The affidavit of Clayton Ott was filed as an attachment to Plaintiff's Reply in Support of his Motion for Conditional Certification. (Doc. No. 25)

were times he was responsible for making sure the time records were changed pursuant to his manager's instruction and company policy. (Id., ¶ 7) It was Wagner's understanding that the store manager was provided a certain amount of time for labor, and if the store came in at or under the allotted time, then the manager would receive additional compensation. (Id., ¶ 9)

Likewise, Ezersky states he was instructed by Litzsinger to change the records of hourly employees to benefit Defendant and take time away from the employees, and that this was done for time management purposes. (Ezersky Aff., ¶5) When he challenged the practice, Litzsinger told him it was legal, and that he, Litzsinger, was just doing what he had been told to do. (Id., ¶¶ 5, 7) Ezersky states that after the instant lawsuit was filed, Defendant emailed all of its stores with a new policy for modifying time records.[6] (Id., ¶¶ 8,9) Ezersky further states that during his employment, hourly employees were supposed to sign off on their time sheets at the end of each week, but were not allowed to see their own punch records. (Id., ¶ 10)

Ott states he was told that he needed to change the time records of hourly employees as part of his job duties, and personally observed Litzsinger altering time records of hourly employees. (Ott Aff., ¶¶ 5, 6)

A fourth employee at a store location in Desloge, Missouri, Jacob Berry,[7] states that his manager told him to alter the time records of hourly employees to show the employees worked less time than they actually worked. (Affidavit of Jacob Berry ("Berry Aff."), Doc. No. 31-1, ¶¶ 4-5) Berry further states that based on his personal observations and knowledge, he believes it

---

[6]The policy provides in part that "a manager should never adjust a team member's time punch to take away time worked, whether or not it was pre-approved. Rare acceptable reasons to adjust a team member's time include when a team member fails to clock in or out, works before or after his or her original punch to assist the store or customers, or works during his or her unpaid meal period . . . Other exceptions include power outages or other system problems." (Doc. 16-2)

[7]Berry states that during his employment with Defendant, he held a position known as a "key holder." (Berry Aff., ¶ 3)

was the common practice of Defendant to alter the recorded time of its hourly employees. (Id., ¶¶ 6, 10)

Ezersky, Wagner, Ott and Berry all state there may have been occasions when they were not properly paid for all time they worked in a workweek. (Ezersky Aff., ¶12; Wagner Aff., ¶13; Ott Aff., ¶ 9; Berry Aff., ¶ 8)

Berry further states that in December, 2012, Defendant sent him a letter and a check acknowledging he was improperly paid by the company and that he has knowledge that Defendant sent other employees of the Desloge, Missouri location a similar letter and check. (Berry Aff., ¶¶ 9, 11)

In further support of his allegations, Plaintiff submits the deposition testimony of assistant manager Ezersky, who testified that he was told by an employee that worked at the Desloge store location that the practice of altering time records of hourly employees was going on there. (Ezersky Depo Tr., Doc. 25-1, 25:10-25; 26:1-22; 27:1-14) Lucas, an hourly employee, testified that an assistant manger at another store location told him it was common practice for them to alter time records of hourly employees. Two employees at the Affton hub location told him the same thing. (Lucas Depo Tr., Doc. 25-5, p. 32:19-25; 33:1-24; 34:1-25) Another hourly employee, Matthews, testified that he heard the practice was going on at the Arnold store location and the hub location. (Matthews Depo Tr., Doc. 25-4, 42:4-11)

Defendant challenges these declarations and deposition testimony, arguing that none of the affiants have any personal knowledge that the alleged payroll practice occurred at any other store location, or was utilized by any other store manager, and that aside from their own circumstances, their information is based on hearsay. (Response, Doc. No. 22, pp. 18-19)

Upon consideration and as discussed herein, the Court finds Plaintiff has met his burden for purposes of conditional class certification and notice at this initial stage of the proceedings.

The certification standard at this initial stage is low. Plaintiff has submitted declarations from three assistant managers formerly employed at a store location in Jefferson County, Missouri and one "key holder" formerly employed at a store location in Desloge, Missouri, who state it was common practice to alter the recorded time of hourly employees to show they worked less time. Further, the assistant managers were told directly by their manager that this was company policy and they were trained to alter time records. In addition, Plaintiff has submitted four declarations from hourly employees from the Jefferson County and Affton store locations who state they were not paid for all hours worked as a result of this policy. Considering Plaintiffs' minimal burden at this point, the Court finds this evidence is sufficient to establish a colorable basis for Plaintiffs' claims. Ondes, 2011 WL 6152858, at *3 (citing Kautsch, 504 F.Supp.2d at 690). At this initial stage, conditional certification is appropriate. Defendant's arguments as discussed below are not without merit; however, they are properly raised in a motion to decertify filed after the close of discovery, or at least where "discovery is largely complete and the matter is ready for trial." Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citing Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1028, 1218 (11th Cir. 2001).

**Common Policy or Plan**

Defendant argues the Court should deny conditional class certification because Plaintiff has no evidence that the putative class members were subjected to a national company-wide policy that violates the FLSA. His personal knowledge and the personal knowledge of the affiants is limited to the practice of a single store manager at a single store location. (Response, Doc. No. 22, p. 17) Defendant further argues that even within that single store, Plaintiff and affiants are aware of only a select few current or former employees who claim to have been subject to the alleged practice that forms the basis of Plaintiff's claims. Defendant states there is no single time-keeping system or method common throughout its store locations and that each

store manager has the responsibility and discretion to determine the manner in which employees' actual hours worked are recorded. (See, Affidavit of Mindy Morgan ("Morgan Aff."), Doc. No. 22-1, ¶7) (Response, Doc. No. 22, p. 3)[8] Under these circumstances, courts have denied conditional certification under the FLSA. See, e.g., Wacker v. Personal Touch Home Care, Inc., 2008 WL 4838146, at *2 (E.D. Mo. Nov. 6, 2008); Ray v. Motel 6 Operating, Ltd. Partnership, 1996 WL 938231 (D. Minn. March 18, 1996); Basco v. Wal-mart Stores Inc., 2004 WL 1497709 (E.D.La. July 2, 2004) (Response, Doc. No. 22, pp. 19, 21)

    Plaintiff replies that at the notice stage, he is not required to provide detailed evidence of the unlawful practice occurring at each of Defendant's locations. Rather, he need only establish a "colorable basis" for his claim that the putative class members were the victims of a single decision, policy or plan. (Reply, Doc. No. 25, p. 7) A "colorable basis" is established when a plaintiff comes forward with "something more than the mere averments in its complaint in support of its claim." (Id., quoting Carden v. Scholastic Book Clubs, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011)). Plaintiff further replies that courts have declined to follow Ray where the Court actually collapsed the two-step analysis and applied both steps simultaneously, weighing the evidence and making credibility determinations. See Shockey v. Huhtamaki, Inc., 730 F.Supp.2d 1298, 1305 (D.Kan. 2010). (Reply, Doc. No. 25, p. 18)

    As discussed above, Plaintiff has submitted sworn statements of management personnel who were trained in the time-keeping practice and carried it out, as well as statements of employees from three different store locations with direct knowledge of the alterations made to their time records. (Reply, Doc. No. 25, pp. 8-10) Courts have certified nationwide classes based on similar evidence. See, e.g., Dernovish, 2010 WL 143692 (rejecting defendant's request to

---

[8]Defendant also references an affidavit from Amanda Hall; however, Hall's Affidavit was not attached as an exhibit to Defendant's response.

limit certification to the two call centers where plaintiffs worked); Nicholson v. UTiWorldwide, Inc., 2011 WL 250563 (S.D. Ill. Jan. 26, 2011) (affidavits of former employees from one of defendant's warehouses was sufficient showing of similarly situated employees to warrant certification of nationwide class); Beasely, 270 F.R.D. 442 (conditional certification of nationwide class based on affidavits of employees from only two locations). See also, Carden, 2011 WL 2680769 (declarations from twelve employees constituted a sufficient factual showing of a company-wide policy for conditional certification of employees at all defendant's locations). In the absence of full discovery, this is sufficient at this stage.

Defendant also challenges the testimony of affiants Lucas and Matthews regarding the practice at store locations other than store 1995 as hearsay based on statements from two individuals - one at the Desloge store and one at the Afton store. (Lucas Depo.Tr., 57:8-17; Matthews Depo.Tr., 21:31, 40:5-22) (Doc. 22, pp. 8-9) "Requiring a plaintiff to present evidence in favor of conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case." White v. MPW Industrial Services, Inc., 236 F.R.D. 363, 368 (E.D. Tenn. 2006); Crawford v Lexington-Fayette Urban County Government, 2007 WL 293865, at *2 (E.D. Ky. Jan. 26, 2007). Again, the Court does not evaluate the potential merits of Plaintiff's claims. "At this preliminary stage and for these preliminary purposes, Plaintiff need not come forward with evidence in a form admissible at trial." White, 236 F.R.D. at 368 (quoting Coan v. Nightingale Home Healthcare, Inc., 2005 WL 1799454, at *1 (S.D. Ind. 2005).

Defendant also highlights a number of inconsistencies in affiants' testimony. In particular, Lucas admitted he never worked more than 40 hours in a workweek, and that in the two instances he could recall when he believed he had been underpaid, Defendant paid him after

he complained. (Lucas Depo. Tr., 20:17-21; 48:15-17) Defendant challenges Wagner's testimony because only Litzsinger instructed him to alter payroll records, which he admitted was contrary to Defendant's written policy. (Doc. No. 22, p. 10) As for Matthews, he claims he was not paid for all hours worked, when in fact he signed an acknowledgment confirming he was paid for all hours worked, including overtime. Finally, Defendant argues that Collins admits having no knowledge of the alleged practice outside of store 1995, and that there are situations when a time entry alteration is proper. (Collins Depo.Tr., Doc. No. 22-9, 31:6-12; 37:16-18) While this may affect Plaintiff's ability to prove liability, the Court does not reach the merits of the parties' claims and defenses, or make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage. Ondes, 2011 WL 6152858, at *6. Defendant's arguments relate to the merits of Plaintiff's claims and should not be resolved at this juncture. Id.

Defendant also argues its written corporate policies as set out in its Employee Handbook clearly require compliance with state and federal overtime and wage laws. (Doc. No. 22, pp. 3-5; Doc. Nos. 22-2, 22-3) Plaintiff and each of the affiants admit receiving the Employee Handbook, and acknowledge that Defendant's company policy, as stated in this Handbook, is to pay hourly employees for all hours worked, including overtime. (Id., p. 17) Defendant states that none of the affiants can identify any written policy, procedure, or communication which contradicts these policies. (Id., p. 18)

Defendant's reliance on its official written policies to disprove Plaintiff's claim is misplaced. Another court has addressed this same argument, stating that "[o]f course there can be a difference between what employees are told verbally and what they are told in writing. There is no proof that Defendant actually follows its written policy. In any event, this argument relates to the merits and should not be resolved at this time." O'Donnell v. Southwestern Bell

Yellow Pages, Inc., 2012 WL 1802336, at *3 (E.D. Mo. May 17, 2012) (quoting Dernovish, 2010 WL 143692, at *2. The Court agrees with this analysis and finds nothing to distinguish Defendant's argument from the one rejected in Dernovish. See also, Burkhart–Deal v. Citifinancial, Inc., 2010 WL 457127, at *3 (W.D. Pa. Feb. 4, 2010) (concluding that "[t]he fact that Defendant has a written policy requiring overtime pay ... does not defeat conditional certification" and noting that such arguments "skirt the merits" and are inappropriate for resolution on motion for conditional certification); Beauperthuy v. 24 Hour Fitness USA, Inc., 2008 WL 793838, at *4 (N.D.Cal. Mar. 24, 2008) ("An employer's responsibility under the FLSA extends beyond merely promulgating rules to actually enforcing them.... That Defendants published a handbook cannot immunize them against an FLSA violation where there is substantial evidence that they did not follow their own guidelines."); Levy v. Verizon Information Services Inc., 2007 WL 1747104, at *2 (E.D.N.Y. June 11, 2007) (granting conditional certification despite argument that defendant's written policy requiring payment of overtime meant that "any deviations from this provision ... are at best isolated incidents and do not implicate the company's overtime policy"); and Vennet v. Am. Intercontinental Univ. Online, 2005 WL 6215171, at *7-8 (N.D.Ill.Dec. 22, 2005) (rejecting an argument that defendant's written policy requiring payment for all overtime necessarily meant that "any contrary instruction from individual supervisors would have to be proven on an individualized basis and be based on anecdotal evidence").

**Judicial Efficiency/Manageability**

Defendant argues that resolution of virtually every issue in this case will require individualized examinations regarding the payroll systems of each individual store location and the actions of each individual store manager, as well as examinations of each opt-in plaintiff's payroll records, alleged time alterations, and circumstances surrounding the alleged alterations.

- 13 -

(Doc. No. 22, p. 22) Such individualized determinations would result in thousands of mini-trials as to class membership, liability, and damages, and render the class completely unmanageable. (Doc. No. 22, pp. 24)

Arguments concerning the individualized inquiries required as well as the merits of Plaintiffs' claims are inappropriate at this stage of the proceedings and can be raised before the Court at the second, or decertification, stage." Dominquez v. Minn. Beef Indus., 2007 WL 2422837, at *3 (D.Minn. Aug. 21, 2007) (internal quotation omitted).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for conditional collective action certification will be granted. The Court finds that Plaintiff has satisfied his burden of making a modest factual showing that he and other similarly situated employees were subject to a common policy or practice by Defendant altering their pay records to show they worked less time. That said, Plaintiff should be mindful that Defendant's arguments made here against conditional certification of a nationwide class in this matter will be given greater weight and consideration by this Court after the completion of discovery during the second stage of the certification process. The Court cautions that Plaintiff and the putative class members will be held to a more stringent standard during this second stage and will be required to concretely demonstrate the existence of a pervasive company-wide pattern or scheme rather than incidental individualized and independent decisions of certain store managers to justify final class certification under Section 216(b). See, Jewell v. Aaron's, Inc., 2012 WL 2477039, at *9 (N.D.Ga. June 28, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Class Certification [7] is **GRANTED**, and the Court conditionally certifies a class of:

> Any current or former individual who was employed by Defendant as an hourly team member in the United States, including but not limited to assistant store managers, installer service specialists, retail service specialists, parts specialists, and delivery specialists, during the time period from August 28, 2009 to the present date, and whose time records were modified, changed, or altered by the Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Motion for Conditional Class Certification [31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling on Plaintiff's Motion for Conditional Class Certification [32] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff Eric M. Schmaltz is conditionally authorized to act as class representative.

**IT IS FURTHER ORDERED** that Engelmeyer & Pezzani, LLC are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that Defendant is granted until **April 1, 2013**, within which to make any written objections to Plaintiff' proposed Notice and Consent Form.

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiff's attorneys with the names and current or last known mailing addresses of all employees who may be potential plaintiffs in this suit on or before **April 15, 2013.**

Dated this 11th day of March, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE