UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC M. SCHMALTZ, individually, and on behalf of others similarly situated, as Plaintiff/Class representative, <br><br> Plaintiffs, <br><br> v. <br><br> O'REILLY AUTOMOTIVE STORES, INC., <br><br> Defendant. | Case No. 4:12-CV-1056-JAR |

### JUDGMENT AND ORDER OF FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

On August 15, 2014, this matter came before the Court for hearing on the parties' Joint Motion for Final Approval of Collective and Class Action Settlement (Doc. No. 77) and Plaintiffs' Motion for Attorneys' Fees and Costs. (Doc. No. 75) The motions were heard and continued to allow class counsel the opportunity to supplement the record. On August 29, 2014, class counsel filed his affidavit and billing records for the Court's consideration. (Doc. No. 82)

The Court finds and believes that the Collective and Class Action Settlement Agreement is the result of an arm's length negotiation after extensive litigation that was aggressively contested and pursued by class counsel. The Court further finds the settlement is fair and reasonable as it relates to the class members.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The parties' Joint Motion for Final Approval of Collective and Class Action Settlement [77] and Plaintiffs' Motion for Attorneys' Fees and Costs [75] are **GRANTED**.

1

2. The Court has jurisdiction over the subject matter of the litigation, and jurisdiction over the Plaintiff/Class Representative, the other Class Members, and Defendant O'Reilly Automotive Stores, Inc.

3. The Court finds that the distribution of the Notice of Collective and Class Action Settlement as provided for in its Order Granting Plaintiff Leave to File Second Amended Complaint, Preliminarily Certifying Rule 23 Class for Settlement Purposes, Preliminarily Approving the Collective and Class Action Settlement Agreement, and Approving Notice to the Respective Class Members constituted the best notice practicable under the circumstances to the Class Members and fully met the requirements of due process under the United States Constitution.

4. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the Class Members was adequate.

5. The Court hereby finally approves the Collective and Class Action Settlement, as set forth in the Collective and Class Action Settlement Agreement pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and Fed. R. Civ. P. 23.

6. Solely for purposes of effectuating this settlement, this Court hereby finally certifies the State Law Settlement Class and the FLSA Settlement Class, as those terms are defined in the Collective and Class Action Settlement Agreement.

7. With respect to the State Law Settlement Class, this Court finds and concludes that: (a) the members of the State Law Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the State Law Settlement Class Members, and there is a well-defined community of interest among the State Law Settlement Class Members with respect to the subject matter of this litigation; (c) the claims

of the Plaintiff/Class Representative are typical of the claims of the State Law Settlement Class; (d) the Plaintiff/Class Representative has fairly and adequately protected the interests of the State Law Settlement Class; (e) Class Counsel is qualified to serve as counsel for the Plaintiff/Class Representative and the State Law Settlement Class; and (f) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues.

8. Accordingly by this Judgment, effective September 3, 2014, the Plaintiff/State Law Class Representative shall release, relinquish and discharge, and each of the State Law Settlement Class members who have not excluded themselves from this matter, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims as described in Section XI of the Collective and Class Action Settlement Agreement titled, "Release by the Settlement Classes," and as described in the Claim Form/Opt-In Consent Form attached to the Settlement Agreement and marked <u>Exhibit 1</u>.

9. With respect to the FLSA Settlement Class, and for purposes of approving this settlement only, this Court finds and concludes that the Opt-In members of the FLSA Settlement Class are similarly situated. The Court further finds that the settlement is a fair, reasonable, and adequate compromise of a bona fide dispute under the FLSA. The Court further finds the releases and other terms contained in the Collective and Class Action Settlement Agreement to be fair, just, reasonable and adequate as to the Opt-In members of the FLSA Settlement Class. Accordingly, by this Judgment, the Opt-In members of the FLSA Settlement Class, including those who signed the "Opt-In Consent Form" (Section IV of the Claim Form/Opt-In Consent Form attached to the Settlement Agreement and marked <u>Exhibit 1</u>) shall release, relinquish and discharge, and each of the Opt-In members of the FLSA Settlement Class shall be deemed to

3

have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims as described in Section XI of the Collective and Class Action Settlement Agreement titled, "Release by the Settlement Classes," and as described in the Opt-In Form attached to the Settlement Agreement and marked <u>Exhibit 1</u>.

10. Neither the Class Action Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim covered by the Release by the State Law Settlement Class and Opt-In members of the FLSA Settlement Class, or of any wrongdoing or liability of O'Reilly Automotive Stores, Inc.; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of O'Reilly Automotive Stores, Inc. in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. O'Reilly Automotive Stores, Inc. may file the Collective and Class Action Settlement Agreement and/or the Collective and Class Action Judgment from this litigation in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or any other similar defense or counterclaim.

11. The Parties are directed to act in accordance with the terms set forth in the Collective and Class Action Settlement Agreement. Defendant O'Reilly Automotive Stores, Inc. is directed to issue the Settlement Payments to the Claimants. In furtherance of the Collective and Class Action Settlement Agreement:

      i. The individuals listed on Exhibit 7 of the Memorandum in Support of Final Approval are found to have submitted a valid FLSA Opt-In form and shall be paid as set forth in the Settlement;

      ii. The individuals listed on Exhibit 6 of the Memorandum in Support of Final Approval are found to have submitted a valid state law claim form and shall be paid as set forth in the Settlement;

      iii. The individuals listed on Exhibit 5 of the Memorandum in Support of Final Approval are found to have properly excluded themselves from this matter and, therefore, shall not be bound by any provision of the Settlement;

      iv. The individuals listed on Exhibit 4 of the Memorandum in Support of Final Approval are individuals who, despite due diligence to locate, are known not to have received notice in this case, but are nevertheless bound by the provisions of the Settlement, as the Court is satisfied with the efforts to provide them notice of the Settlement and their rights.

      12. After review of Class Counsel's affidavit and billing records, as well as the evidence of the time and effort expended by the Class representatives during the litigation, the Court approves Class Counsel's application for fees in the maximum amount specified in the Collective and Class Action Settlement Agreement. The Court also approves the enhancement payments set forth in the Collective and Class Action Settlement Agreement and directs Defendant O'Reilly Automotive Stores, Inc. to cause such payments to be issued. All payments due to be made by Defendant O'Reilly Automotive Stores, Inc. pursuant to the Settlement Agreement shall be made within thirty (30) days of this Order.

      13. This matter is hereby **DISMISSED with prejudice**.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of September, 2014.